UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL PARRISH,**<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant-Appellee. | Case No. ED CV 16-00032 VBF(JC)<br><br>ORDER<br><br>Overruling Commissioner's Objections;<br><br>Adopting Report & Recommendation;<br><br>Reversing in Part the Commissioner's Denial of Disability Benefits;<br><br>Remanding to the Agency for Further Proceedings Consistent with this Order and with the R&R |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all of the medical and other records herein, including the parties' cross-motions for summary judgment and the briefs responding to and opposing those motions, the well-reasoned Report and Recommendation of the United States Magistrate Judge ("R&R"), defendant-appellee Commissioner's timely objections to the R&R ("Objections"), and plaintiff-appellant Parrish's timely response to the Objections.

  The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections. The Court specifically addresses

some of defendant's contentions in the Objections below.

**In the Objections, defendant correctly points out that "inconsistency" or "conflict" with objective medical evidence is a germane reason for discrediting competent lay testimony.** See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (citation omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (citing Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984)). Here, however, neither the Administrative Law Judge ("ALJ") nor the defendant identified any *conflict* between the lay statements at issue in the case and the record medical evidence. (Objections at 1-4; AR 18-21).

**In fact, the ALJ expressly discredited the statements of the lay witness, in pertinent part, due to a lack of *support* in the medical evidence, not any affirmative *contradiction* with the medical record.** (AR 18) (emphasis added). An ALJ may not discredit competent lay statements solely because they are "*not supported* by medical evidence in the record." Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) (emphasis added) (citing Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996)); Massey v. Commissioner of Social Security Administration, 400 Fed. Appx. 192, 194 (9th Cir. 2010) ("[An] ALJ may not reject lay testimony solely because it is not supported by objective medical evidence.") (citing id.); Rivera v. Colvin, 2013 WL 6002445, *4 (D. Or. Nov. 12, 2013) (Mere "lack of objective medical support is not a proper reason for discounting lay witness reports of a claimant's pain and other subjective symptoms."); see, e.g., Smolen, 80 F.3d at 1289 (ALJ erred by rejecting lay testimony from claimant's family members because medical records did not corroborate plaintiff's symptoms) (citing Social Security Ruling ("SSR") 88-13, 1988 WL 236011, at *3).[1] Defendant asserts, in part, that the

---

[1] To the extent defendant suggests that Bruce is no longer good law because it relied on "language from *Smolen* . . . which was in turn based on regulations and a Social Security Ruling (continued...)

Report and Recommendation finding "that the ALJ erred in concluding that the objective medical evidence does not *support* [lay statements from Ms. George] . . . seems to suggest . . . that it is not appropriate for the ALJ to rely on [] an *inconsistency* [with record medical evidence] in evaluating third party evidence." (Objections at 1) (Citing R&R at 10).

**Defendant's misreading of the R&R appears to be based on confusion regarding two distinct reasons that ALJs have used when discrediting lay witness evidence –** "[a]ffirmative inconsistencies" between lay statements and the objective medical evidence (which may be a germane reason for rejecting competent lay evidence), and the simple *absence* of objective medical evidence supporting lay statements (which may not). *See, e.g., Rivera*, 2013 WL 6002445, at *3, *4 ("[T]he nature of [lay testimony regarding a plaintiff's] subjective symptoms requires that courts recognize a distinction between affirmative contradiction with the medical record and mere lack of support within it.") (citing 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4); *Bruce*, 557 F.3d at 1116; *Bayliss*, 427 F.3d at 1218).

**Defendant also objects that the R&R "imposes an unreasonable articulation obligation that is not supported by caselaw."** (Objs at 2). While an ALJ need not "clearly link" rejection of lay statements to particular parts of the record, the ALJ's decision must still, at a minimum, articulate "arguably germane reasons" supported by substantial evidence for discrediting competent lay evidence. *Lewis*, 236 F.3d at 512. As discussed above, the ALJ's decision here does not do so.

---

[1](...continued)
[SSR 88-13] that are no longer in force" (Objections at 1-2), this Court disagrees. *See, e.g., Rivera*, 2013 WL 6002445, at *3 ("[T]he notion that agency rulings no longer support the *Smolen* line of decisions is not correct."). Although Social Security Ruling 88-13 was superseded by SSR 95-5p, "the policy interpretations contained in [SSR 88-13] were codified in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and *remain valid*." *Massey*, 400 F. App'x at 194 n.1 (citing SSR 95-5p, 1995 WL 670415, at *1 (noting "[Social Security] regulations codified . . . SSR 88-13 . . . making it unnecessary to retain the . . . policy interpretations in [the] Ruling[]") (emphasis added).

**Defendant also argues that a remand is inappropriate since the ALJ's error in discrediting the lay evidence, if any, was harmless** essentially because "Ms. George's testimony essentially parrots Plaintiff's testimony [and] the reasons stated for finding Plaintiff's testimony not credible apply equally to the ALJ's evaluation of Ms. George's testimony." (Objections at 3-4). Here, however, the ALJ did not say that the same reasons apply to discredit the statements from both plaintiff and the lay witness. **A Social Security decision may not be affirmed under the rubric of harmless error based on a ground the ALJ did not invoke.** *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (cites omitted).

**In any event, defendant's argument lacks merit. Failure to articulate germane reasons for rejecting competent lay witness evidence may be found harmless to the extent that** "the lay testimony described the *same* limitations as [the plaintiff's] own testimony," the ALJ's decision discussed the plaintiff's own subjective complaints "at length" and rejected the complaints "based on well-supported, clear and convincing reasons," and the *same* reasons for rejecting the plaintiff's statements "apply with *equal* force" to the lay witness' statements. See Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) (emphasis added). Here, the Court cannot find the ALJ's error harmless under the foregoing analysis.

**First, the ALJ did not provide well-supported, clear and convincing reasons for rejecting plaintiff's own subjective complaints.** For example, the ALJ found plaintiff's subjective complaints "not entirely credible," in part, because plaintiff "ha[d] not generally received the type of medical treatment one would expect for a totally disabled individual," specifically "[t]he treatment records reveal the [plaintiff] received routine, conservative and non-emergency treatment since the alleged onset date." (AR 18). Nonetheless, the instant medical record reflects several occasions after the alleged onset date (*i.e.*, February 13, 2007) (AR 12, 256) when plaintiff sought and/or received emergency room treatment, including one occasion

in which plaintiff was admitted to the hospital. (See, e.g., AR 549-52). The ALJ's incorrect characterization of the medical evidence calls into question the validity of both the ALJ's evaluation of plaintiff's credibility and the ALJ's decision as a whole. *See Regennitter v. Commissioner of Social Security Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination). Moreover, aside from the above-referenced summary characterizing plaintiff's treatment as "routine, conservative and non-emergency," the ALJ's decision contains little or no discussion about the treatment plaintiff received (as opposed to general results of objective medical testing). (AR 18-20).

**The ALJ also appears to have discredited plaintiff's subjective statements based on plaintiff's ability to engage in certain daily activities.** *See, e.g., Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and his reported activities can be a valid reason for giving less weight to his subjective complaints) (cite omitted). Nonetheless, the ALJ's conclusory assertion that "[d]espite the [unspecified] alleged impairment, the [plaintiff] has engaged in a somewhat normal level of daily activity and interaction[,]" followed by a seriatim list of generic activities purportedly drawn from plaintiff's function report (AR 18) is not a sufficient basis for rejecting plaintiff's subjective statements.

Even if the ALJ intended to find that such daily activities undermined the credibility of plaintiff's subjective complaints, the ALJ did not specify *which* of plaintiff's daily activities purportedly conflicted with *which* of plaintiff's subjective complaints. A general finding that plaintiff's collective daily activities are inconsistent with the alleged severity of some or all of plaintiff's subjective complaints is not sufficiently specific to permit the Court to determine whether the ALJ discounted plaintiff's credibility on permissible grounds. *See, e.g., Brown-Hunter*, 806 F.3d at 494 (legal error where ALJ fails to link claimant testimony ALJ found not credible to particular parts of record supporting non-

credibility determination) (citing *Burrell*, 775 F.3d at 1139).

The ALJ also discredited plaintiff's statements purportedly because "[plaintiff's] alleged loss of function is not supported by objective medical findings." (AR 17, 18). In the absence of any other clear and convincing reason, however, the mere lack of supporting objective medical evidence is an insufficient basis for discounting plaintiff's subjective statements. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony.).

Second, even so, the Function Report of the lay witness did not describe all the *same* limitations as plaintiff's, and even identified greater functional limitation than plaintiff did with respect to at least one significant activity. (Cf. AR 268 [plaintiff's assertion that he could do "small chores" a "couple times a week" for "[an hour] or so" depending on his condition] with AR 283 [lay witness assertion that plaintiff could do certain household chores "[m]aybe 45 [minutes] – 1-2 times per week"]).

Finally, the lay witness stated that she had known plaintiff for "12 years" and was with plaintiff "24/7." (AR 281). Hence, it is clear that many of her statements regarding plaintiff's functioning (*e.g.*, ability to perform certain household chores) were based on her personal observations of plaintiff's actual daily activities, not reiteration of plaintiff's subjective reports, such that the ALJ's reasons for rejecting plaintiff's subjective complaints do not necessarily apply with *equal* force to the statements of the lay witness. *See, e.g., Rivera*, 2013 WL 6002445, at *5 (ALJ's rejection of lay evidence based on "lack of support" in the record "not harmless" error where "lay witnesses' statements [were] based on their own observations, not [plaintiff's] subjective reports," and thus the "[lay] statements may establish that [plaintiff] is disabled even if [plaintiff's] testimony is rejected entirely").

## ORDER

**The decision of the Commissioner of Social Security is reversed in part and**

**the matter is remanded for further administrative action consistent with the Report and Recommendation and with this Order.**

Plaintiff-Appellant Michael Parrish's motion for summary judgment **[Doc #15] is GRANTED in part and denied in part.**

Defendant-Appellee Social Security Commissioner's motion for summary judgment **[Doc #20] is DENIED.**

The Clerk shall serve copies of this Order, the Report and Recommendation, and the Judgment on counsel for the parties.

**Judgment will be entered by separate document.**

Dated: Thursday, March 16, 2017

*Valerie Baker Fairbank*
_____
Honorable Valerie Baker Fairbank
Senior United States District Judge